KACZMAREK v. CROSSTOWN ST. RY. CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

Appeal from Trial Term.

Action by Michael Kaczmarek against the Crosstown Street Railway Company of Buffalo. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Roscoe R. Mitchell, for appellant.
H. H. Bacon, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

SPRING, J., not sitting.

KRUSE, J. (dissenting). I think the plaintiff upon his own testimony was guilty of contributory negligence in colliding with the defendant's street car, for which he seeks to recover damages.

Elk street and Maurice street intersect. Elk street runs east and west; Maurice street, north and south. The car tracks are on Elk street. The plaintiff drove his automobile north on the east side of Maurice street, approaching Elk street. He intended to turn at the corner, and go east on Elk; but there was a wagon, with a hay rack on it, standing at the corner, so he turned to the left, northerly, to go around the wagon and proceed east on Elk. Maurice street, on the north side of Elk, intersects Elk a little farther west than on the south side, so that the west side of Maurice, south of Elk, extended north, would be about the center of Maurice on the north side. The car was on the west-bound track coming from the east, on the north side of Elk street.

A motorman, observing the plaintiff's course, swerving northerly, might naturally suppose that he was intending to cross Elk street, and go north on Maurice street. After the plaintiff had gotten across the southerly or east-bound track on Elk street, he turned easterly onto the west-bound track, so that, when the collision occurred, the head of his machine was facing east, toward the car.

The plaintiff says that he stopped his machine just before turning into Elk street; that he looked both ways; that he saw the wagon with the hay rack, the binder extending six to eight feet from the wagon, westerly; that he proceeded on his way, and did not see the car until he was struck. And yet the car must have been in plain sight all of the time, from the time he stopped and looked until he was struck. Not only does he say he looked when he stopped the machine, but that he kept looking. Here is what he says:

"I didn't see the car until the hit came. I looked to the right as I came down the incline out of Maurice onto Elk. After I started up, I kept looking both ways, and went onto the track, and got hit. I didn't see the car until I was hit. As I came up there first, I stopped and looked, and then I started my car, and kept right on looking, and then the first thing I knew I was hit by a car I had never seen until it hit me."

His story is incredible. Either he did not look intelligently, as he was required to do, or else he must have seen the car. It was broad daylight, and nothing obstructed his view. While I do not say that the jury may not have been justified in finding the motorman negligent, I think the evidence clearly shows that the plaintiff himself was not free from contributory negligence.

The plaintiff's daughter, who was with him in the automobile, testified that she did not see the car until the collision occurred; but in that connection it should be stated that she was watching the gasoline tank on the side of the machine. She states that she was on the left-hand side of the automobile, with the gasoline can on the step at the side, so that she could hold it, and that she was looking at the gasoline tank all the way up, and so could not see the car, and did not see the wagon before the accident.

I think the verdict should not be permitted to stand, and vote for reversal.